**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRACY L. JONES,

        Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY
COMPANY,

        Defendant-Appellee.

No. 99-3060
(D.C. No. 97-2624-JWL)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Tracy L. Jones appeals from the denial of her claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B), to enforce her right to long-term disability benefits under defendant Continental Casualty Company's disability insurance plan. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff was formerly employed as a Technical Drafter 4 by Black and Veatch, which provided long-term disability insurance to its employees through defendant. Plaintiff claimed her entitlement to disability benefits based on a diagnosis of fibromyalgia. Defendant denied her request because she provided no objective medical evidence to support her claim that she was physically "unable to perform the substantial and material duties of [her] regular occupation," as required for every form of disability defined in the insurance plan. Appellant's App. at 19.

After a bench trial, the district court entered judgment in favor of defendant on a slightly different basis. Even though plaintiff claimed that she could not perform eight hours of work in an eight-hour day, one of her doctors reported her admission that she could easily perform eight hours of work over a twenty-four hour period. Because plaintiff did not prove that an eight-hour day was a material duty of her occupation (or even of her position with Black and Veatch), the court concluded that plaintiff had not proved that she was disabled within the meaning

of defendant's insurance plan. The district court also found plaintiff's medical evidence conclusory and insufficient to support a claim for disability.

Plaintiff argues on appeal that the district court erred in finding that she had not met her burden of proof. We review the district court's factual finding that plaintiff is not disabled for clear error. See Wilcott v. Matlack, Inc., 64 F.3d 1458, 1460-61 (10th Cir. 1995).

We have carefully reviewed the parties' materials and the record on appeal. We find no error, and affirm for substantially the same reasons as those set forth in the district court's thorough and well-supported memorandum and order filed on January 15, 1999.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge